842 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karal H.E. BATTLE, Plaintiff-Appellant,
v.
Marty O'KEEFE, Michael Richardson, Barbara J. Heathfield,
Gary Kupier, Theodore Kowhler, Wayne Stine, Vern
Crawford, Carol A. Seppi, Robert Miller,
Defendants- Appellees.
 No. 87-1963.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1988.
 
 1
 Before MILBURN and BOGGS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983 in which plaintiff alleged that he was wrongly convicted of misconduct in a prison disciplinary proceeding. Upon consideration, we conclude that plaintiff was not deprived on his due process rights.
 
 
 4
 First, a thorough review of the record reveals that the disciplinary conviction is supported by sufficient evidence to comport with the requirements of due process. See Superintendent, Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 455 (1985); Turney v. Scroggy, 831 F.2d 135, 139 (6th Cir.1987). Second, plaintiff was afforded a hearing within a reasonable time after his placement in segregation. See Hewitt v. Helms, 459 U.S. 460, 470 n. 8 (1983); Childs v. Pellegrin, 822 F.2d 1382, 1387 (6th Cir.1987). Finally, it was reasonable to refuse to contact one of plaintiff's witnesses because the fact which plaintiff sought to establish already had been confirmed by another witness. See Ponte v. Real, 471 U.S. 491, 495-99 (1985); Baxter v. Palmigiano, 425 U.S. 308, 320-22 (1976); Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).
 
 
 5
 Also, we note that the district court properly dismissed without prejudice plaintiff's claim alleging a denial of his first amendment right to access to the courts. This claim arose in the Western District of Michigan following plaintiff's transfer to the Marquette Branch Prison; proper venue is therefore within that district. 28 U.S.C. Sec. 1391(b). Thus, dismissal without prejudice to plaintiff's right to refile this claim in the Western District of Michigan was appropriate.
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation